Gary N. Anderson (#0088)
R. Christian Hansen (#11449)
HILLYARD, ANDERSON, & OLSEN, P.C.
595 South Riverwoods Parkway, Suite 100
Logan, UT 84321
Telephone: (435) 752-2610
Facsimile: (435) 753-8895
Email: gary@hao-law.com
christian@hao-law.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INSIGHT PRODUCT DEVELOPMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ICON HEALTH & FITNESS, INC., <br><br> Defendant. | **COMPLAINT** <br> and <br> **JURY DEMAND** <br><br> Case No.: 1:11-cv-00139-BSJ <br><br> Judge Bruce S. Jenkins |

### COMPLAINT

NOW COMES Plaintiff, Insight Product Development, LLC ("IPD"), through undersigned counsel, and for its claims against Defendant, ICON Health & Fitness, Inc. ("ICON"), states as follows:

### NATURE OF THE ACTION

1. This action arises from ICON's failure to pay IPD $199,116.71 for programming services IPD provided to ICON pursuant to an agreement between the parties. IPD seeks to recover the full amount it is owed under a breach of contract or *quantum meruit* theory.

166165.3

## PARTIES

2. IPD is a product development consulting company. It is an Illinois limited liability company with its principal place of business located at 4660 N. Ravenswood, Chicago, Illinois.

3. ICON is the world's largest developer, manufacturer and marketer of fitness equipment. On information and belief, ICON is a Utah corporation with its principal place of business located at 1500 South 1000 West Logan, Utah.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), based on the complete diversity of IPD and ICON and a minimum amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a), because the acts giving rise to this dispute occurred in Logan, Utah. Furthermore, the forum selection clause in the parties' agreement mandates that all disputes and proceedings related to the agreement shall be litigated exclusively in the state or federal court having jurisdiction in Logan, Cache County, Utah. (A copy of the applicable agreement is attached as Exhibit A and discussed more fully below).

## FACTUAL ALLEGATIONS

6. In 2008, IPD and ICON entered into a Product Development Agreement ("Master Agreement") whereby IPD provided programming services to ICON in exchange for payment. (Ex. A.)

7. Under the general terms of the Master Agreement, IPD provided programming services for ICON, pursuant to a specific Research and Development Vendor Contract ("Vendor Agreement") (the Master Agreement and Vendor Agreement shall be collectively referred to as the "Agreement"). (A copy of the Vendor Agreement is attached as <u>Exhibit B</u>.)

8. Specifically, IPD assisted ICON with the development of its FreeMotion Elliptical/Treadmill Console User Interface, including developing and integrating applicable software.

9. For several months, IPD billed ICON for the services it provided and ICON timely paid those invoices.

10. However, in mid-2010, ICON abruptly stopped paying IPD for the work it performed. Between June and October 2010, IPD sent ICON four invoices ("Invoices") pursuant to the Agreement that, to date, remain unpaid:

    (a)    An invoice dated June 22, 2010 in the amount of $72,410.32;

    (b)    An invoice dated August 24, 2010 in the amount of $36,738.38;

    (c)    An invoice dated September 22, 2010 in the amount of $58,798.01; and

    (d)    An invoice dated October 19, 2010 in the amount of $31,170.00.

(Copies of the Invoices are attached as <u>Exhibit C</u>.)

11.   The Invoices specify that a service charge of 1.5% per month shall be assessed on past due invoices.

12.   IPD has made multiple requests on ICON for payment of the Invoices including, most recently, a July 14, 2011 demand letter.  (A copy of the July 14, 2011 letter is attached as Exhibit D.)

13.   ICON did not respond to the July 14, 2011 demand letter, has not forwarded any payment to IPD and, despite numerous requests for information, has failed to provide any explanation for its failure to pay the Invoices.

14.   To date, IPD has not received payment from ICON for the programming services it provided to ICON and is owed $199,116.71.

## COUNT I
## BREACH OF CONTRACT

15.   IPD re-alleges and incorporates the allegations set forth in paragraphs 1 through 14.

16.   The Agreement constitutes a valid, enforceable contract between IPD and ICON.

17.   IPD has fully performed its obligations under the Agreement by providing the programming services set forth in the project description.

18.   ICON has breached the Agreement by failing to pay IPD the amounts it is owed.

19.   ICON's breach of its contractual obligations to IPD under the Agreement has proximately caused damage to IPD.

20.   IPD is entitled to recover from ICON its damages incurred as a result of ICON's breach of the Agreement, specifically in the amount of $199,116.71, plus interest, costs and fees associated with pursuing this action, as set forth in the Agreement.

WHEREFORE, Insight Product Development, LLC prays that the Honorable Court enter judgment against the Defendant, ICON Health & Fitness, Inc., in the amount of $199,116.71, plus prejudgment interest, the costs of this action, related expenses incurred by Insight Product Development, LLC and for such further relief as the Court deems just and proper.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

21.   IPD re-alleges and incorporates the allegations set forth in paragraphs 1 through 14.

22.   The Agreement contains an implied promise that ICON shall deal with IPD fairly and in good faith and shall not intentionally do anything to injury IPD's right to receive the benefits of the Agreement.

23.   ICON's intentional failure to pay IPD the amounts it is owed has damaged IPD and interfered with IPD's right to receive the benefits of the Agreement.

24.   IPD is entitled to recover from ICON its damages incurred as a result of ICON's breach of the covenant of good faith and fair dealing, specifically in the amount of $199,116.71.

WHEREFORE, Insight Product Development, LLC prays that the Honorable Court enter judgment against the Defendant, ICON Health & Fitness, Inc., in the amount of $199,116.71, plus prejudgment interest, the costs of this action, related expenses incurred by Insight Product Development, LLC and for such further relief as the Court deems just and proper.

## COUNT III
## QUANTUM MERUIT

25.   IPD re-alleges and incorporates the allegations set forth in paragraphs 1 through 14.

26.     IPD conferred a valuable benefit to ICON by providing programming services to ICON.

27.     ICON appreciated the benefit of the programming services provided by IPD.

28.     ICON accepted and retained the benefit conferred upon it by IPD under circumstances such that it would be inequitable to do so without payment for the programming services provided by IPD.

29.     ICON would be unjustly enriched by retaining the benefit of the programming services provided by IPD without paying IPD for such services.

30.     The reasonable value of the programming services provided by IPD to ICON for which IPD has not been paid is $199,116.71.

WHEREFORE, Insight Product Development, LLC prays that the Honorable Court enter judgment against the Defendant, ICON Health & Fitness, Inc., in the amount of $199,116.71, plus prejudgment interest, the costs of this action, related expenses incurred by Insight Product Development, LLC and for such further relief as the Court deems just and proper.

DATED this 6th day of September, 2011.

                                            INSIGHT PRODUCT DEVELOPMENT, LLC

                                            By: _____
                                               R. Christian Hansen
                                               Attorney for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Insight Product Development, LLC

(b) County of Residence of First Listed Plaintiff  Cook County, Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gary N. Anderson and R. Christian Hansen, Hillyard, Anderson & Olsen, P.C., 595 S. Riverwoods Pkwy., Suite 100, Logan, Utah 84321

## DEFENDANTS
Icon Health & Fitness, Inc.

County of Residence of First Listed Defendant  Cache County, Utah
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Plaintiff brings this action to collect on amounts it is owed by Defendant pursuant to a contract between the parties.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 119,116.71
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 09/06/2011
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____